Jason M. Lindner (SBN #211451)
STUEVE SIEGEL HANSON LLP
550 West C Street, Suite 610
San Diego, California 92101
Phone: (619) 400-5822
Fax:    (619) 400-5832
lindner@stuevesiegel.com

George A. Hanson (*pro hac* forthcoming)
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Phone: (816) 714-7100
Fax:    (816) 714-7101
hanson@stuevesiegel.com
dirks@stuevesiegel.com

David Rosenberg (SBN# 99105)
Annette Farnaes (SBN# 128701)
ROSENBERG, SHPALL, & ASSOCIATES
750 B Street, Suite 3210
San Diego, California  92101
Phone: (619) 232-1826
Fax:    (619) 232-1859
rsalaw@yahoo.com
afrsalaw@yahoo.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL JOHNSON and TERI JOHNSON, individually and on behalf of a class of similarly situated individuals,<br><br>             Plaintiffs,<br><br>    v.<br><br>FORTRESS INVESTMENT GROUP LLC; HARVEST FACILITY HOLDINGS, LP; HARVEST MANAGEMENT SUB TRS CORPORATION; HARVEST MANAGEMENT SUB, LLC dba HOLIDAY RETIREMENT,<br>             Defendants. | Case No.  '12CV0662 JM   POR<br><br>**COMPLAINT**<br><br>**COLLECTIVE AND CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

## COMPLAINT

Plaintiffs Carl Johnson and Teri Johnson, individually and on behalf of all others similarly situated, by and through their counsel, for their Complaint against Fortress Investment Group LLC, Harvest Facility Holdings, LP, Harvest Management Sub TRS Corporation, and Harvest Management Sub, LLC dba Holiday Retirement (collectively referred to herein as "Holiday") hereby state and allege as follows:

1. Holiday operates "Holiday Retirement" communities in numerous separate geographic locations throughout the United States and in Canada, including the county of San Diego.

2. Holiday systematically denies wages and overtime pay to its Regional Support Managers (also called "Floating Managers" or "Floaters") who work in its Holiday Retirement communities by, *inter alia*, not paying them for time spent working during overnight on-call shifts. Holiday's failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA") and California state laws. Holiday also fails to provide meal and rest break periods, fails to provide accurate wage statements, and fails to pay all wages due at time of termination.

3. This lawsuit is brought as a collective action under the FLSA and as a class action under California law to recover unpaid wages owed to Plaintiffs and all other similarly situated workers employed in Holiday retirement facilities.

## JURISDICTION AND VENUE

4. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court has jurisdiction over Plaintiffs' state law claims pursuant 28 U.S.C. § 1367 because the state claims are so related to the FLSA claims that they form part of the same case or controversy.

COMPLAINT

6.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants reside in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

### PARTIES

7.     Plaintiff Carl Johnson is a resident of San Diego, California, and was employed by Holiday as a Regional Support Manager.  Carl Johnson's Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

8.     Plaintiff Teri Johnson is a resident of San Diego, California, and was employed by Holiday as a Regional Support Manager.  Teri Johnson's Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit B.

9.     Fortress Investment Group, LLC ("Fortress") is a limited liability company headquartered in New York, New York and organized under the laws of Delaware.  Fortress does business and is engaged in commerce in the State of California and nationwide, both in its own capacity and through its wholly-owned subsidiaries. Fortress maintains an office in Los Angeles, California.

10.     Harvest Facility Holdings, LP is a limited partnership headquartered in Salem, Oregon and organized under the laws of Delaware.  Harvest Facility Holdings, LP does business and is engaged in commerce in the State of California and nationwide, both in its own capacity and through its wholly-owned subsidiaries.  Harvest Facility Holdings, LP, is majority-owned by Fortress.

11.     Harvest Management Sub TRS Corporation is a Delaware corporation headquartered in Salem, Oregon.  Harvest Management Sub TRS Corporation does business and is engaged in commerce in the State of California and nationwide, both in its own capacity and through its wholly-owned subsidiaries.  Harvest Management Sub TRS Corporation is a wholly-owned subsidiary of Harvest Facility Holdings, LP.

12.     Harvest Management Sub, LLC, is a limited liability company headquartered in Salem Oregon and organized under the laws of Delaware.  Harvest Management Sub, LLC does business and is engaged in commerce, in the State of California and nationwide, under its own name and under

COMPLAINT

the name of "Holiday Retirement."  Harvest Management Sub, LLC is a wholly-owned subsidiary of Harvest Facility Holdings, LP.

## AGENCY

13.     Plaintiffs are informed and believe and based on such information and belief allege that Defendants and each of them at all times herein mentioned where the agents, employees, servants, joint ventures and all co-conspirators of the remaining Defendants, and were acting in the course and scope of such agency, employment joint venture and/or conspiracy.

14.     At all times mentioned herein, the Defendants and each of them were members of and engaged in a joint venture, partnership and common enterprise and acting within the scope and course of said agency and employment.

15.     At all times herein mentioned, the acts and omissions of various Defendants and each of them concurrently contributed to the various acts and omissions of each and every one of the other defendants in proximately causing the wrongful conduct, harm and damages alleged herein.

16.     At all times herein mentioned, Defendants and each of them approved of condoned and/or otherwise ratified each and every one of the acts or omissions complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages as herein alleged.

## GENERAL ALLEGATIONS

17.     Holiday does business as Holiday Retirement in 42 states throughout the United States. It owns over 300 retirement communities, which are marketed to seniors as a "safe carefree all-inclusive independent retirement lifestyle."

18.     One of the major selling points of Holiday's retirement facilities is that there are always on-site managers who are available around-the-clock to assist the residents in any way. These managers are usually mature or senior couples.  Holiday Retirement advertises, markets, and promotes their retirement communities with the specific promise that a management team will always be available to assist the residents 24 hours a day. This factor is emphasized in Holiday's marketing

4

and is a point which has made Holiday Retirement a leading retirement community corporation throughout the United States.

19.    Holiday profits from the fact that senior residents seek a secure retirement community with assistance available at all times.  Residents at Holiday's communities pay a premium and high monthly fee for the safety and peace of mind that comes with knowing a management team is always available to help them.

20.    Aside from permanent community Managers, Holiday also hires Regional Support Managers, also known as Floating Managers or "Floaters." The Regional Support Managers are available to work at various facilities in their area when there is a temporary need for a fill-in management team.  Plaintiffs and the class they seek to represent have worked as Regional Support Managers for Holiday.

21.    Unlike the normal management teams, the Regional Support Managers are not resident managers of the Holiday facilities.  They live apart from the facilities they support and only stay at the facilities for as long as their specific assignment requires.  These temporary assignments can vary in length from a couple of days to months at a time, depending upon the facility's specific need.

22.    All of the Regional Support Managers are classified by Holiday as non-exempt hourly workers.

23.    Regional Support Managers are assigned to either the manager's shift or the co-manager's shift when they are assigned to a community.  These shifts require that they work between 8 to 12 hours a day, and then remain on the premises for a 12 hour on-call overnight shift which typically runs from 7:00 pm to 7:00 am.  This on-call overnight shift is always immediately after a full 8 or 12-hour day.

24.    The Regional Support Managers are required to work these on-call overnight shifts several times in any given week when they are working at a Holiday facility.

25.    While working these overnight shifts, the Regional Support Managers cannot leave the community.  They are provided with a room near the Manager's office where they can stay during the

5

COMPLAINT

night. They must at all times stay in the community in close proximity to the Manager's office and to the emergency call system located therein. They must be available at all times to immediately respond to any problems, inquiries, or requests for assistance from or regarding the residents.

26. The Regional Support Managers are also responsible for the safety of the community during the night, including locking up and closing the entrance, supervising that no unauthorized persons gain access to the community during the hours when the entrance is closed, and supervising that none of the residents with diminished mental faculties leave the residence in an unauthorized manner. They are further responsible for overseeing that the lighting in the common areas functions properly at night and the common areas are safe and secured and free of fire hazards.

27. Because of these responsibilities and the need to be available to respond to inquiries from the residents at any time, the Regional Support Managers are restricted in their activities during the overnight shift. They do not have the option, for example, to stay overnight at their home if it is near by, or to stay at a nearby hotel. They must stay in the community near the Manager's office in order to respond to calls and emergencies. They can not indulge in any drinking of alcohol or take any sleep medication or other drugs which would impair their ability to assist the residents at any time during the on-call shift.

28. Holiday does not compensate the Regional Support Managers for the overnight on-call shift.

29. Further, Holiday does not accurately pay for the actual time spent in physically carrying out the tasks in connection with an emergency call or any other call or inquiry during the overnight on-call shift.

30. Holiday has stated to Regional Support Managers that they will not pay compensation for the overnight on-call shift. The Regional Support Managers have been threatened with termination and/or no further assignment if they demand payment for these hours. Due to the senior age of many of the Regional Support Managers and the realistic difficulties in finding other employment, these threats have previously succeeded in silencing any requests for overtime for the

COMPLAINT

on-call work and have had a severe chilling effect on claims for compensation by the Regional Support Managers.

31.     The net effect of Holiday's policy and practice regarding its Regional Support Managers is that Holiday willfully fails to pay for all time worked, including overtime, and willfully fails to keep accurate time records.  Holiday thereby enjoys ill-gained profits at the expense of these hourly employees.

32.     Holiday and all of its subsidiaries and affiliates are joint employers under the meaning of the FLSA because (1) the operations of Holiday and its subsidiaries are interrelated; and (2) the companies share common management, including common human resources and compliance oversight.

## COLLECTIVE AND CLASS ALLEGATIONS

33.     Plaintiffs bring Count I, the FLSA claim, as a nationwide "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

34.     Plaintiffs bring Counts II-VII (for unpaid straight-time wages, unpaid overtime wages, meal and rest period, failure to pay compensation due and owing at the time of termination, failure to provide accurate pay statements, and violation of California Business and Professions Code §§ 17200 *et seq.*,) as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and as the Class Representatives of the following persons:

> all current and former Regional Support Managers who worked in Holiday's California facilities within the last four years.

35.     The FLSA claim may be pursued by Regional Support Managers who worked in Holiday's facilities nationwide who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

36.     The California state law claims, if certified for class wide treatment, may be pursued by all similarly-situated persons who do not opt-out of the class.

37.     Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Holiday's practice of failing to accurately record and pay for all hours worked, including overtime compensation.  The number and

COMPLAINT

identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Holiday, and potential class members may easily and quickly be notified of the pendency of this action.

38.     Plaintiffs' state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

39.     The class satisfies the numerosity standards.  Joinder of all potential class members in a single action is impracticable.  Class members may be informed of the pendency of this class action through direct mail and/or other means of publication.

40.     There are questions of fact and law common to the class that predominate over any questions affecting only individual members.  The questions of law and fact common to the class arising from Holiday's actions include, without limitation, the following:

(i)      Whether Holiday's timekeeping and pay policies violate federal and state law;

(ii)     Whether the overnight on-call shifts worked by Regional Support Managers constitute "work" within the meaning of the FLSA and California state labor laws;

(iii)    Whether Holiday failed to pay Regional Support Managers for all the time that they worked;

(iv)     Whether Holiday was unjustly enriched by failing to pay its employees the straight-time and overtime wages due and owing to them;

(v)      Whether Holiday failed to provide adequate meal and rest periods;

(vi)     Whether Holiday failed to pay all compensation due and owing at termination of employment;

(vii)    Whether Holiday failed to provide accurate wage statements; and

(viii)   Whether Holiday's conduct constituted a violation of California Business and Professions Code §§ 17200, *et seq.*

41.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

COMPLAINT

42.     Plaintiffs' claims are typical of those of the class in that class members have been employed in the same or similar positions as Plaintiffs and were subject to the same or similar unlawful practices as Plaintiffs.

43.     A class action is the appropriate method for the fair and efficient adjudication of this controversy.  Holiday has acted or refused to act on grounds generally applicable to the class.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Holiday, and/or substantially impair or impede the ability of class members to protect their interests.

44.     Plaintiffs are adequate representatives of the class because they are members of the class and their interests do not conflict with the interests of the members of the class they seek to represent.  The interests of the members of the class will be fairly and adequately protected by Plaintiffs and their undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment and class action litigation.

45.     Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I.
### Violation of the Fair Labor Standards Act of 1938

**(Brought Against Holiday by Plaintiffs Individually and on Behalf of All Others Similarly Situated)**

46.     Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 45.

47.     At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

48.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for

9

COMPLAINT

commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

49.     Holiday is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

50.     Holiday violated the FLSA by failing to keep accurate records and failing to pay for overtime.

51.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to Plaintiffs or the class.

52.     Plaintiffs and all similarly situated employees are victims of a uniform and company-wide compensation policy.  This uniform policy, in violation of the FLSA, has been applied to all class members.

53.     Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of their consent to join forms, plus periods of equitable tolling, because Holiday acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

54.     Holiday has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).  Alternatively, should the Court find Holiday did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

55.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Holiday from Plaintiffs and all similarly situated employees.  Accordingly, Holiday is liable pursuant to 29 U.S.C. § 216(b), together with an

COMPLAINT

additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## COUNT II.
### Failure to Pay Straight-Time Wages in Violation of California State Law

**(Brought Against Holiday by Plaintiffs Individually and
on Behalf of California Employees Similarly Situated)**

56.     Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 55.

57.     Plaintiffs allege that Holiday maintained a practice of paying employees without regard to the number of hours actually worked.  Holiday's practice included not paying its Regional Support Managers for on-call overnight shifts, and not paying its Regional Support Managers for all activities performed during those shifts.  In doing so, Holiday inaccurately under-reported the amount of time worked.

58.     Because of Holiday's failures as alleged herein, class members did not receive compensation for all hours actually worked for Holiday.

59.     Holiday's respective failure to pay the correct amount of straight-time hourly wages permits a civil suit to recover wages due to Plaintiffs under California Labor Code §§ 204 and 218, as well as recovery of interest, reasonable attorneys' fees, and costs of suit under California Code § 218.5.

## COUNT III.
### Failure to Pay Overtime Wages in Violation of California State Law

**(Brought Against Holiday by Plaintiffs Individually and
on Behalf of California Employees Similarly Situated)**

60.     Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 59.

61.     Throughout the liability period, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code section 510 required the payment of overtime premium(s) for hours worked in excess of eight in a given workday, forty in a given workweek, or on the seventh day worked in a single workweek.  This premium increases to double-time for all hours worked over twelve in a single workday or eight on the seventh day worked in a single workweek.

COMPLAINT

1   62.     Plaintiffs and the class often worked in excess of the maximum number of hours

2   allowed by law without payment of the applicable overtime premiums.

3   63.     Holiday failed to pay Plaintiffs and the class the overtime required by California law.

4   64.     Holiday's failure to pay the correct amount of overtime violates IWC Wage Order No.

5   4 (8 C.C.R. § 11040) and California Labor Code §§ 510 and 1198.

6   65.     Because Holiday failed to pay overtime as required by law, Plaintiffs and the class are

7   entitled under California Labor Code §§ 218.5 and 218.6 and 1194(a) to recover the unpaid overtime

8   balance, interest thereon, reasonable attorneys' fees, and costs of suit.

9                                    **COUNT IV.**
10   <u>**Failure to Provide Meal and Rest Break Periods in Violation of California State Law**</u>

11   **(Brought Against Holiday by Plaintiffs Individually and
     on Behalf of California Employees Similarly Situated)**

12   66.     Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 65.

13   67.     Plaintiffs regularly worked in excess of five hours per day without being afforded at

14   least one half-hour meal period in which they were relieved of all duty, as required by California

15   Labor Code §§ 226.7 and 512, and IWC Wage Order No. 4 (8 C.C.R. § 11040).

16   68.     Plaintiffs and the Class regularly worked in excess of ten hours per day without being

17   afforded two half-hour meal periods in which they were relieved of all duty, as required by California

18   Labor Code §§ 226.7 and 512, and IWC Wage Order No. 4 (8 C.C.R. § 11040).

19   69.     Plaintiffs and the Class regularly worked in excess of eight hours per day without

20   being afforded either or both of the two ten-minute rest periods as required by California Labor Code

21   §§ 226.7 and IWC Wage Order No. 4 (8 C.C.R. § 11040).

22   70.     Plaintiffs and the Class regularly worked shifts in excess of twelve hours per day

23   without being afforded any or all of the three ten-minute periods as required by California Labor

24   Code §§ 226.7 and IWC Wage Order No. 4 (8 C.C.R. § 11040).

25   71.     For each time that a Plaintiff or a Class member was not provided the required rest

26   and/or meal period, Plaintiff or that Class member is entitled to recover backpay wages in the amount

27

28

12

COMPLAINT

of one additional hour of pay at the employee's regular rate of compensation pursuant to California Labor Code §§ 226.7 and IWC Wage Order No. 4 (8 C.C.R. § 11040).

72.    Plaintiffs and the Class are entitled to payment for backpay for each rest and/or meal period that Holiday failed to provide during the Class Period.  Plaintiffs are also entitled to payment of their reasonable attorney's fees and costs of suit incurred in recovering the additional pay pursuant to California Labor Code § 218.5, and interest pursuant to California Labor Code § 218.6.

**COUNT V.**
**Failure to Pay All Compensation Due and Owing at Termination in**
**Violation of California State Law**

**(Brought Against Holiday by Plaintiffs Individually and**
**on Behalf of California Employees Similarly Situated)**

73.    Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 72.

74.    California Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee upon discharge.

75.    California Labor Code § 202 requires an employer to promptly pay compensation due and owing to a quitting employee within seventy-two hours of that employee's notice of resignation.

76.    California Labor Code § 203 provides that, if an employer willfully fails to pay compensation upon discharge or resignation, the wages of the employee shall continue for a period of up to thirty days.

77.    Holiday has willfully failed to pay all compensation and wages due and owing to class members who terminated their employment with Holiday within seventy-two hours of their notice of resignation.  As a result, Holiday is liable to former Regional Support Managers for wages in an amount to be determined at trial.  They are also entitled to payment of their reasonable attorney's fees and costs of suit incurred in recovering the additional pay pursuant to California Labor Code § 218.5, and interest pursuant to California Labor Code § 218.6.

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT VI.
### Failure to Provide Accurate Wage Statements in Violation of California State Law

**(Brought Against Holiday by Plaintiffs Individually and on Behalf of California Employees Similarly Situated)**

78.     Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 77.

79.     California Labor Code § 226 requires an employer to provide its employees with an accurate itemized statement in writing showing, among other things, the total hours worked by the employee.  California Labor Code § 226 provides for damages and penalties for a knowing and intentional failure by an employer to comply with this requirement.

80.     Holiday has knowingly and intentionally failed to provide accurate itemization of the class members' hours worked per paycheck.

81.     Holiday is liable to Plaintiffs and the class for an amount to be determined at trial. Plaintiffs and the class are also entitled to payment of their reasonable attorneys' fees and costs of suit incurred in recovering the additional pay pursuant to California Labor Code § 226 and § 218.5, and interest pursuant to California Labor Code § 218.6.

## COUNT VII.
### Violation of the California Business and Professions Code §§ 17200, *et seq.*

**(Brought Against Holiday by Plaintiffs Individually and on Behalf of All Others Similarly Situated)**

82.     Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 81.

83.     Holiday's actions, including but not limited to its failure to pay straight time and overtime wages earned, constitute unlawful conduct.  Holiday's conduct was also unfair and deceptive, all constituting unfair business practices in violation of California Business and Professions Code §§ 17200, *et seq.*

84.     Holiday continues its unlawful and unfair conduct as previously described.  As a result of said conduct, Holiday has unlawfully and unfairly obtained monies due to Plaintiffs and is unfairly competing against law-abiding companies in the marketplace.

14

COMPLAINT

85.     Plaintiffs are entitled to restitution of monies due for a period of four years predating the filing of this case.

86.     As a direct and proximate result of Holiday's conduct, Plaintiffs are entitled to equitable relief under California Business and Professions Code § 17203, including restitution as well as specific relief to enforce the penalty provisions of the California Labor Code and Fair Labor Standards Act pursuant to Business and Professions Code § 17202.

87.     Plaintiffs are entitled to attorneys' fees and costs for promoting the interests of the general public in causing Holiday to cease its unlawful and unfair business practices, in an amount according to proof, pursuant to California Code of Civil Procedure § 1021.5 and any other applicable law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on their own behalf and on behalf of all others similarly situated, pray for relief as follows:

1.     An order certifying that Count I of the action may be maintained as a collective action pursuant to 29 U.S.C. § 216(b);

2.     An order certifying that Counts II-VII of the action may be maintained as a class action pursuant to Fed. R. Civ. P. 23.

3.     Restitution, damages, penalties, and other relief, as appropriate and available under each cause of action, in an amount to be proven at trial based on, *inter alia*, the unpaid balance of compensation owed by Holiday and the penalties owed by Holiday.

4.     Attorneys' fees pursuant to *inter alia*, California Labor Code § 1194(a) and pursuant to the Fair Labor Standards Act of 1938;

5.     Costs of this suit;

6.     Pre- and post-judgment interest; and

7.     Such other and further relief as the Court deems just and proper.

COMPLAINT

1

## DESIGNATION OF PLACE OF TRIAL

2      Plaintiffs hereby request a trial by jury of all issues triable by jury.  Plaintiffs designate San

3  Diego, California as the place for trial.

4

Dated: March 16, 2012                          Respectfully submitted,

5

6
                                      By:  _s/Jason M. Lindner_____
7                                          Jason M. Lindner
                                           STUEVE SIEGEL HANSON LLP
8                                          550 West C Street, Suite 610
                                           San Diego, California 92101
9                                          Telephone: (619) 400-5822
                                           Facsimile:  (619) 400-5832
10

11                                         George A. Hanson
                                           STUEVE SIEGEL HANSON LLP
12                                         460 Nichols Road, Suite 200
                                           Kansas City, Missouri 64112
13                                         Telephone:  (816) 714-7112
                                           Facsimile:  (816) 714-7101
14

15                                         David Rosenberg
                                           Annette Farnaes
16                                         Rosenberg, Shpall, & Associates
                                           750 B Street, Suite 3210
17                                         San Diego, California  92101
                                           Telephone: (619) 232-1826
18                                         Facsimile:  (619) 232-1859
                                           rsalaw@yahoo.com
19                                         afrsalaw@yahoo.com

20                                         *Attorneys for Plaintiffs*

21

22

23

24

25

26

27

28

                                                              COMPLAINT

# EXHIBIT A

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U S C § 216(b)

**I hereby consent to be a party plaintiff seeking unpaid wages against HRC Investors Corp., also doing business as Holiday Retirement and/or Harvest Management Sub, LLC ("Holiday"), and any related entities.** If this case does not proceed collectively, I also consent to join any subsequent action against Holiday for unpaid wages. By joining this lawsuit, I designate the Named Plaintiffs to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit. For purposes of pursuing my unpaid wage claims against Holiday, I choose to be represented by Stueve Siegel Hanson LLP and Rosenberg, Shpall, & Associates, APLC, and other attorneys with whom they may associate.

I swear or affirm that the foregoing Statements are true to the best of my knowledge.

Date: _3-2-12_

_____
Carl Johnson

# EXHIBIT B

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U S C § 216(b)

**I hereby consent to be a party plaintiff seeking unpaid wages against HRC Investors Corp., also doing business as Holiday Retirement and/or Harvest Management Sub, LLC ("Holiday"), and any related entities.** If this case does not proceed collectively, I also consent to join any subsequent action against Holiday for unpaid wages. By joining this lawsuit, I designate the Named Plaintiffs to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit. For purposes of pursuing my unpaid wage claims against Holiday, I choose to be represented by Stueve Siegel Hanson LLP and Rosenberg, Shpall, & Associates, APLC, and other attorneys with whom they may associate.

I swear or affirm that the foregoing Statements are true to the best of my knowledge.

Date: 3-9-12

Teri Johnson

✎JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Carl Johnson and Teri Johnson

## DEFENDANTS
Fortress Investment Group LLC, Harvest Facility Holdings, LP; Harvest Management Sub TRS Corporation, Harvest ⊞

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jason M. Lindner, Stueve Siegel Hanson LLP, 550 West C Street, Suite 610, San Diego, CA 92101 (619) 400-5822

Attorneys (If Known)

'12CV0662 JM   POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

❏ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

❏ 2  U.S. Government Defendant

❏ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Med. Malpractice | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | ❏ 365 Personal Injury - | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Injury Product | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | Liability | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal | ☒ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | Property Damage | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | Product Liability | ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Product Liability | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | Sentence | ❏ 791 Empl. Ret. Inc. | or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | Accommodations | ❏ 530 General | | 26 USC 7609 | Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 900Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - | | to Justice |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition | Alien Detainee | | ❏ 950 Constitutionality of |
| | Other | | ❏ 465 Other Immigration | | State Statutes |
| | ❏ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
❏ 2 Removed from State Court
❏ 3 Remanded from Appellate Court
❏ 4 Reinstated or Reopened
❏ 5 Transferred from another district (specify)
❏ 6 Multidistrict Litigation
❏ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. SECTION 216(b) AND 28 U.S.C. Section 1331

Brief description of cause:
Collective and class action to recover unpaid wages owed to Plaintiffs and all other similarly situated ⊞

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE

DOCKET NUMBER

DATE
03/26/2012

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE